IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| GUILLERMO F. VASCO | PETITIONER |
| VS. | CIVIL ACTION NO. 3:20-cv-794-DPJ-FKB |
| WARDEN SHANNON WITHERS | RESPONDENT |

**REPORT AND RECOMMENDATION**

### I. Introduction

Guillermo F. Vasco is a federal inmate serving a 240-month sentence imposed by the United States District Court for the District of Massachusetts. He is incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, and his projected release date via good conduct time is November 15, 2029. He brings this petition pursuant to 28 U.S.C. § 2241 challenging the computation of his sentence by the Bureau of Prisons (BOP). He also asserts a challenge to a change in his custody classification.

A federal court may grant relief to a federal prisoner under § 2241 only if the petition demonstrates that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Brown v. Lundgren*, 528 F.2d 1050, 1052 (5th Cir. 1976). The undersigned concludes that Vasco has failed to make the necessary showing and that his petition should therefore be denied.

### II. Facts

In May of 2004, Vasco was arrested in Massachusetts on state charges. While in state custody and awaiting trial, Vasco and a fellow inmate initiated a conspiracy for the

murder-for-hire of Vasco's wife and infant daughter, for which Vasco was charged in a five-count indictment in the United States District Court for the District of Massachusetts. Vasco was tried and convicted on the federal charges, and on March 8, 2007, he was sentenced in federal court to a term of 240 months. [8-4]. The judgment was silent as to whether Vasco's federal sentence was to run concurrently with or consecutive to any yet-to-be imposed state sentence. *Id.*[1] The federal judgment was filed as a detainer, and Vasco remained in the primary custody of the state. On December 21, 2007, he was sentenced by the state court for assault and battery with a dangerous weapon, and he immediately began serving his state sentence. Vasco completed his Massachusetts sentence on October 4, 2012, and he was released to the federal detainer.

On October 2, 2018, Vasco initiated an administrative request for a *nunc pro tunc* designation of the state prison as the place in which he began serving his federal sentence. The BOP denied relief. He then filed this petition.

### III.  Analysis

*Calculation of Vasco's Sentence*

The BOP has calculated Vasco's sentence as commencing on October 4, 2012, the day he completed his state sentence and was transferred to primary federal

---

[1] The details of Vasco's federal criminal case may be found at *United States v. Vasco*, 564 F.3d 12 (1st Cir. 2009).

custody. [8-7] at 2. Vasco contends that the BOP has erred and that his federal sentence commenced on March 8, 2007, the date of his federal sentencing.[2]

Two statues are relevant to evaluation of Vasco's claim: 18 U.S.C. § 3585(a) and 18 U.S.C. § 3584(a). The first of these governs the date on which a federal sentence commences:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). The second, 18 U.S.C. § 3584(a), governs whether a federal sentence is consecutive or concurrent to another sentence. It provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Thus, a consecutive sentence is statutorily presumed unless the federal sentencing court specifically orders a concurrent sentence. *Hunter v. Tamez*, 622 F.3d 427, 431 (5th Cir. 2010).

Also at play in the present case is the "primary custody" doctrine, by which primary custody is acquired by the first sovereign that arrests an individual. That sovereign is entitled to have the individual serve any sentence it imposes before he serves a sentence imposed by another jurisdiction, regardless of the chronological order of sentencing. *See Pope v. Perdue*, 889 F.3d 410, 415 (7th Cir. 2018).

---

[2] Vasco does not claim entitlement to any prior custody credit under 18 U.S.C. § 3585(b).

3

Thus, where, as here, an inmate is in the primary custody of the state at the time of federal sentencing, two scenarios are possible, depending on the order of the sentencing court. Where the federal sentence is consecutive to any state sentence, the inmate remains in the primary custody of the state after federal sentencing, and the BOP, pursuant to § 3585(a), calculates his federal sentence as commencing only at such time as the state relinquishes its priority and releases him to primary federal custody. See BOP Program Statement 5880.28, pp. 12-13, 31-33. On the other hand, where the federal court orders that the inmate's federal sentence be served concurrently with any state sentence, the inmate remains in the primary custody of the state, and the BOP gives effect to the sentencing court's order by designating the state facility as the initial place of service of the federal sentence pursuant to its authority under 18 U.S.C. § 3621(b).[3] See BOP Program Statement 5160.06, pp. 2-12. Under this latter scenario, the defendant is "received in custody" within the meaning of 18 U.S.C. § 3585(a) on the date of federal sentencing, and the BOP calculates his federal sentence as having commenced on that date, even though he remains in the primary custody of the state.

These doctrines worked together in the BOP's calculation of Vasco's sentence as follows. Because Vasco was arrested first by the state of Massachusetts, he remained in the primary custody of the state at all times from the date of arrest until the

---

[3] 18 U.S.C. § 3621(b) provides that the BOP is to designate the place of imprisonment,

completion of his state sentence, and the federal judgment was filed as a detainer.[4] Furthermore, because the federal judgment was silent as to the relationship of Vasco's federal sentence with any state sentence, the BOP, in accordance with 18 U.S.C. § 3584(a), treated his federal sentence as consecutive to the Massachusetts sentence. Therefore, the BOP, pursuant to 18 U.S.C. § 3585(a), calculated his federal sentence as having commenced on October 4, 2012, the date he completed his state sentence and was released to the federal detainer.

The BOP's calculations are entirely consistent with the governing statutes. Accordingly, there is no basis for habeas relief as to the calculation of Vasco's sentence.

*Application for Nunc Pro Tunc Designation*

Vasco also challenges the BOP's denial of his request for a *nunc pro tunc* designation. Where a state sentence is imposed after the federal sentence, the BOP has the discretion, pursuant to 18 U.S.C. § 3621(b) and the procedure devised in *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), to indirectly award an inmate credit for time served in state custody by designating *nunc pro tunc* the inmate's state prison as the place where he served a portion of his federal sentence. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010); *see also* BOP Program Statement 5160.05, pp. 5-7

---

[4] On several occasions while in the primary custody of the state, Vasco was taken into temporary federal custody by the U.S. Marshal on writs of habeas corpus *ad prosequendum* for appearances in federal court. The temporary transfer of physical custody on a writ of habeas corpus *ad prosequendum* does not alter the state's primary custody. *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980).

(setting out *nunc pro tunc* procedure). In deciding whether a *nunc pro tunc* designation is appropriate, the BOP is to consider the factors set forth in § 3621(b). *Pierce*, 614 F.3d at 160.[5]

Vasco argues that his request for a *nunc pro tunc* designation should have been granted because the federal sentencing judge had intended that he begin receiving credit on his federal sentence at the time of sentencing. In support of this argument, he has attached several pages of the transcript from his trial. [1-1] at 7. These pages contain a somewhat confusing discussion among the judge and counsel concerning the possibility of Vasco's remaining in federal custody prior to sentencing. But if the sentencing judge had intended the federal and state sentences to be run concurrently, he had an opportunity to express that intent in response to a letter from the BOP during

---

[5] Those factors are as follows:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed sentence—

   (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

   (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

the *Barden* procedure, and he expressed no such intent in his response.  In the letter to the sentencing judge, the BOP explained that it had calculated Vasco's sentence as running consecutive to his state sentence and had therefore commenced his sentence on the date of the completion of his state sentence.  [8-10].  The letter further stated that if the judge intended or desired that the federal sentence run concurrently with the state sentence, it would grant a *nunc pro tunc* designation and recalculate his federal sentence as having commenced on the date of sentencing.  *Id.*  The judge responded by entering an electronic order as follows:

> The Court is in receipt of a letter from the Bureau of Prisons ("BOP") regarding the possible retroactive designation of Vasco's federal sentence as concurrent with a state sentence for unrelated offenses.  The Parties have had the opportunity to file responsive memoranda on the issue, which the Court has reviewed.  The Court defers to the judgment of the BOP.

[15] at 15, *United States v. Vasco*, 1:05-cr-10164-GAO-1 (D. Mass. Sept. 20, 2018), ECF No. 136.  The BOP then considered the remaining statutory factors and concluded that there was no basis for awarding a *nunc pro tunc* designation.  [8-11].

The BOP's decision to deny a request for a *nunc pro tunc* designation is reviewed for an abuse of discretion. *Robertson v. Werlich*, 667 F. App'x 853, 854 (5th Cir. 2016) (citing *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990)).  The BOP's discretion in considering a *nunc pro tunc* application is broad, and where the federal court evinces no intent that the sentences run concurrently or declines to make a recommendation, the BOP is "well within its discretion" to deny the application.

7

*Rodriguez v. Pitzer*, 76 F. App'x 519, 520 (5th Cir. 2003).  Here, the federal court evidenced no such intent.  Accordingly, the undersigned concludes that the BOP did not abuse its discretion in denying the application.

*Custody Status*

Finally, Vasco alleges that on November 12, 2020, the BOP wrongly changed his custody level from low to maximum-security level housing.  This claim relates to the conditions of his confinement, not the execution or calculation of his sentence.  Accordingly, it is not cognizable under § 2241.

### IV.  Conclusion

Petitioner has failed to show that he is being held "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Therefore, the undersigned recommends that relief be denied and that his § 2241 petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[6] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R.

---

[6] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).

Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 1st day of June, 2022.

                                              /s/  F. Keith Ball
                                              United States Magistrate Judge