UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GUILLERMO F. VASCO     PETITIONER

V.     CIVIL ACTION NO. 3:20-CV-794-DPJ-FKB

SHANNON B. WITHERS     RESPONDENT

ORDER

Petitioner Guillermo F. Vasco is serving a 240-month sentence at the Federal Correctional Complex in Yazoo City, Mississippi. He filed this habeas action under 28 U.S.C. § 2241, arguing that the Bureau of Prisons miscalculated his sentence and improperly refused to grant his request for *nunc pro tunc* designation.[1] Pet. [1] at 2–3. He also argues that his security classification was improperly changed from low-security to maximum-security housing. *Id.* at 2. United States Magistrate Judge F. Keith Ball has provided a Report and Recommendation [16] that recommends dismissing Vasco's petition. Vasco now seeks an extension of time to object to the R&R, a stay, and appointment of counsel. Mots. [19, 23, 24].

I.     Motion to Appoint Counsel [24]

"[I]n the postconviction context[,] . . . prisoners have no *constitutional* right to counsel." *Lawrence v. Florida*, 549 U.S. 327, 337 (2007) (emphasis added). The Court *may* appoint counsel under 28 U.S.C. § 1915(e)(1). *Laurencio v. Barr*, No. 6:21-CV-8, 2021 WL 77923, at *2 (W.D. La. Jan. 8, 2021). Appointment is not required absent "exceptional circumstances," considering:

---

[1] Title 18 U.S.C. § 3585(b) "authorizes the BOP to 'indirectly award credit for time served by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence' when the federal sentence was imposed before the state sentence." *Smith v. McConnell*, 950 F.3d 285, 287 (5th Cir. 2020) (quoting *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010)); *see also* 18 U.S.C. § 3621(b) (authorizing the BOP to "designate the place of the prisoner's imprisonment").

> 1. the type and complexity of the case; 2. the petitioner's ability to present and investigate his case; 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and 4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.

*Naranjo v. Thompason*, 809 F.3d 793, 799 (5th Cir. 2015) (internal citations omitted).

Vasco previously moved for appointment of counsel in March 2021, 1st Mot. to Appoint Counsel [9]; Judge Ball denied that motion in September 2021, Order [13].  In his more recent motion, Vasco presents new arguments, but he also protests that he never received the Order denying his initial motion.  Vasco says, had he, he "would have appealed it to the Fifth Circuit." 2d Mot. to Appoint Counsel [24] at 1.  To appeal a magistrate judge's order on a nondispositive matter, a litigant must first file an objection with the district court.  *See* Fed. R. Civ. P. 72(a).  As Vasco is proceeding pro se, the Court will consider Vasco's present motion as both a timely objection to Judge Ball's Order and, as to his newly presented arguments, an independent motion to appoint counsel.  *Cf. Walden v. Cain*, No. 3:21-CV-303-DPJ-FKB, 2021 WL 5934038, at *1 (S.D. Miss. Dec. 15, 2021) (considering an objection by pro se litigant even though it may have been untimely).

### A.    Appeal of Prior Order

Judge Ball held that Vasco's first motion to appoint counsel had "not shown that the interests of justice require appointment of counsel in his case."  Order [13] at 1.  That Order must be upheld unless it is "clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  It was neither.

In his first Motion to Appoint Counsel, Vasco argued that appointment would be warranted because (1) "I am an indigent federal sentence inmate unable to afford the services of an attorney"; (2) "English is not my primary language"; (3) the Government offered "difficult[-

2

]to[-]understand" legal arguments and many exhibits; and (4) "I am specifically prohibited to obtain sensitive and confidential records . . . [related to] the sexual assault I was [a] victim [of] on 9/21/2015." 1st Mot. to Appoint Counsel [9] at 1–2.

While English may not be Vasco's primary language, he has not demonstrated any difficulty presenting his case.[2] Vasco's communications to this Court have been clear and commendably to the point.  Nor does this case appear particularly complex:  While, as Vasco notes, "the [G]overnment . . . submitted 14 pages of legal analysis," Mot. [9] at 2; *see* Resp. [8] at 1–14, a 14-page memorandum is not particularly long.  By default, memoranda are limited to 35 pages, and additional pages can be requested.  *See* L.U. Civ. R. 7(b)(5).  And most of the Government's 72 pages of exhibits are documents Vasco must have previously seen.[3]  Most critically, the Government's arguments are not particularly complex; it straightforwardly argues that Vasco's sentence commenced on the day he was released from state custody and that the BOP was not obligated to credit Vasco for the time he served in state custody.  Resp. [8] at 5–12.  Finally, it is totally unclear how records related to an alleged sexual assault would pertain to either of Vasco's arguments.

---

[2] Previously, in a direct of appeal of his conviction and sentence, Vasco, acting pro se, challenged the district court's jury instructions, the sufficiency of the evidence, and, in a multifaceted attack, the sentence imposed.  *See United States v. Vasco*, 564 F.3d 12, 24 n.11 (1st Cir. 2009) (noting that Vasco was acting pro se).

[3] They include, for example, the 24-page opinion of the First Circuit Court of Appeals (stemming from Vasco's direct appeal), 1st Cir. Opinion [8-2], the 20-page judgment of the sentencing court, D. Mass. J. [8-6], and the 11 pages of documents related to Vasco's administrative request for *nunc pro tunc* designation, Admin. Remedy Resp. [8-9].  Vasco's Petition featured some portion of the Government's exhibits.  *See, e.g.*, Exs. [1-1] at 4–5 (Admin Remedy Resp.).  *Compare* Exs. [1-1] at 17–18 (Sentencing Monitoring Computation Data), *with* Sentencing Monitoring Computation Data [8-7] at 1–2.

Judge Ball's order was neither clearly erroneous nor contrary to law. Vasco's appeal is denied.

B.     New Bases for Appointment of Counsel

Vasco now suggests an appointment of counsel is warranted because he claims innocence and he has been "subjected [to] RETALIATION by Warden Withers" due to a civil-rights action Vasco is maintaining. 2d Mot. to Appoint Counsel [24] at 1; *see Vasco v. Young*, 3:22-CV-350-HTW-LGI. Neither of these arguments affect the aforementioned factors for appointing counsel. The Motion is denied.

II.    Motion for an Extension of Time [19] and Motion to Stay [23]

Litigants generally have 14 days to object to a report and recommendation. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). Vasco seeks an additional 90 days while also seeking an order staying the case. *See* Mot. for Extension [19]; Mot. to Stay [23]. The Court will consider these motions together.

Vasco provides several bases for the requested extension. Most persuasively, he notes that COVID-related restrictions have impeded his access to the prison law library. 1st Vasco Aff. [19-1] ¶ 7.[4] As to the requested stay, he explains that "by July 2022, [he] will be transferring" to another institution, and, to effect that transfer, prison officials will temporarily deprive Vasco of his property, including his legal files (which will be placed in storage). 2d Vasco Aff. [23-1] ¶¶ 1–2.

---

[4] Vasco seeks leave to file the first page of a letter from the FCC Yazoo City warden. Mot. [28]. The letter details that the institutions "Medium population will be moving to FCC Yazoo USP–Medium in the near future," and that "[i]nmates will be given a bag to pack their own property beginning the week of July 4, 2022." Letter [28-1] at 1. The Motion for Leave to File [28] is granted.

4

In response to Vasco's Motion for an Extension, the Government urges the Court to deny the request "in part" and instead allow Vasco until July 20, 2022, to file his objection. Resp. [22] at 2. The Government also opposes Vasco's Motion to Stay, as "a transfer is a temporary event that should not require the case to sit idle." Resp. [26] at 2.

While the Court is sympathetic to the roadblocks Vasco faces, it agrees with the Government that they are, ultimately, temporary. A stay is not appropriate. The Court also agrees with the Government that a 90-day extension is unwarranted, but because it is not entirely clear when Vasco will receive his legal materials after transfer, he is given until August 5, 2022, to file his objection.

III.   Conclusion

All arguments were considered; those not addressed would not change this result. Vasco's Motion for Extension of Time [19] is granted in part; his objection is due August 5, 2022. The Motion for Stay [23] and Motion to Appoint Counsel [24] are denied.

**SO ORDERED AND ADJUDGED** this the 8th day of July, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE