UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GUILLERMO F. VASCO                                                                    PETITIONER

V.                                                           CIVIL ACTION NO. 3:20-CV-794-DPJ-FKB

SHANNON B. WITHERS                                                                    RESPONDENT

ORDER

Petitioner Guillermo F. Vasco is serving a 240-month sentence at the Federal Correctional Complex in Yazoo City, Mississippi. He filed this habeas action under 28 U.S.C. § 2241, arguing that the Bureau of Prisons (BOP) miscalculated his sentence and improperly refused to grant his request for nunc pro tunc designation. Pet. [1] at 2–3. He also argues that his security classification was improperly changed from low-security to maximum-security housing. *Id.* at 2. United States Magistrate Judge F. Keith Ball has provided a Report and Recommendation (R&R) [16] that recommends dismissing Vasco's petition. Although Vasco filed Objections [40] to the R&R, the Court finds that it should be adopted.

I.       Facts and Procedural History

In May 2004, Massachusetts authorities arrested Vasco for assaulting and raping his estranged wife, Tricia Vasco, in the presence of their daughter. *See United States v. Vasco*, 564 F.3d 12, 15 (1st Cir. 2009). Vasco was later "charged with five counts of use of interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958." *Id.* at 17. The charges alleged a plot to prevent his wife from testifying against him. *Id.* at 15.

Vasco was convicted and, on March 8, 2007, received a 240-month sentence. *Id.* at 18. After his federal sentencing, for which Vasco appeared from state custody pursuant to a writ, the Commonwealth of Massachusetts prosecuted Vasco for the state charges that first prompted his arrest. *Id.* at 2 & n.2. Vasco was sentenced in state court on December 21, 2007. *Id.* at 3. He

completed his state sentence on October 4, 2012—which is also the date that the BOP has used as the commencement date for his federal sentence. *Id.* On October 2, 2017, Vasco initiated an administrative request for a nunc pro tunc designation. R&R [16] at 2. After the BOP denied his request, Vasco filed a § 2241 petition with this Court.

Vasco's principal complaint is that, either due to a sentencing miscalculation or an improper denial of a nunc pro tunc designation, his time served in state prison has not been properly applied to his federal sentence. Judge Ball issued an R&R outlining why Vasco's petition should be denied. As explained below, Judge Ball's R&R appropriately addresses and dismisses these arguments.

II.     Standard

Title 18 U.S.C. § 636(b)(1) governs the disposition of R&Rs. It requires the Court to "make a de novo determination of those portions of the [R&R] or specified proposed findings or recommendations to which objection is made." *Accord* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

III.    Analysis

As a preliminary matter, on September 16, 2022, Vasco moved for an extension of time [42] to file a reply to Respondent's response in opposition to his objections. Federal Rule of Civil Procedure 72(b)(2) provides only for the filing of an objection to an R&R and a response to that objection. Local Uniform Civil Rule 72(a)(3) states the same. Consequently, because the rules do not contemplate the filing of a reply brief, and Vasco's motion offers no valid reason for an exception, his motion for an extension of time [42] is denied.

Next, Judge Ball notes in the R&R that Vasco's claim concerning the BOP changing his custody level from low-to maximum-security is not cognizable under § 2241. R&R [16] at 12; *see Meachum v. Fano*, 427 U.S. 215, 224–25 (1976) (holding that transfer from a medium-to maximum-security institution does not implicate liberty interests). Vasco does not object to the recommendation on this claim, and it is therefore adopted. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Turning to Vasco's objections, the Court will address the main contentions in the order in which they're presented.

    A.    Incorrect Characterization of the Crime

Vasco's first objection concerns Judge Ball's statement that Vasco and a fellow inmate "initiated a conspiracy." R&R [16] at 1. Vasco says that an ATF informant initiated the course of events, he was entrapped, and the term conspiracy is an improper characterization of what happened because he was not charged with conspiracy. Obj. [40] at 4–8. Vasco has made this entrapment argument before, and the First Circuit rejected it. *Vasco*, 564 F.3d at 18. Regardless, even if Judge Ball mischaracterized the underlying offense, it would not impact Vasco's claims regarding the calculation of his sentence or the denial of a nunc pro tunc designation. Consequently, this objection is overruled.

    B.    Primary Custody

Vasco next objects to Judge Ball's determination that he remained in the primary custody of the state from the date of his arrest until the completion of his state sentence and was not, therefore, entitled to credit and a nunc pro tunc designation. Obj. [40] at 9. Under 18 U.S.C. § 3585(a), "[a] sentence to a [federal] term of imprisonment commences on the date the

defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

Based on that statute, Judge Ball concluded that Vasco's federal sentence did not commence when he was delivered to federal authorities for his criminal proceedings because he remained in the primary custody of the state. R&R [16] at 4–5 & n.4. Vasco disagrees, arguing that the state relinquished jurisdiction to the federal government when he was ordered detained pending his federal detention hearing. Obj. [40] at 9–10.

That argument ignores the language of the detention order upon which Vasco relies. In the detention order, the court states that "[t]he defendant is currently held in state custody awaiting trial" and directs the Deputy Marshal to "lodge a detainer against the defendant with the state authorities. . . ." Order [40-2]. "[T]he law is clear . . . that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary." *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980).

Because Vasco remained in the state's primary custody, he is not entitled to credit. For example, in *Washington v. Chandler*, the defendant was transferred to the Northern District of Texas pursuant to writs of habeas corpus ad prosequendum, and the Fifth Circuit held that each transfer was "'only a loan of the prisoner' such that Texas retained primary jurisdiction." 533 F. App'x 460, 461 (5th Cir. 2013) (quoting *Causey*, 621 F.2d at 693). As a result, the court affirmed dismissal of the defendant's § 2241 petition seeking credit toward his federal sentence for time served in Texas custody. This objection is overruled.[1]

---

[1] Vasco makes a related argument that Judge Ball incorrectly relied on *Pope v. Perdue* to support the primary-custody holding. 889 F.3d 410, 415 (7th Cir. 2018). According to Vasco, *Pope* is a non-binding and factually distinguishable out-of-circuit decision. But the factual distinction he

4

C.     Impartiality and Bias

Vasco's third objection is that Judge Ball should be disqualified under 28 U.S.C. § 455(a) because his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Those allegations primarily relate to (1) Judge Ball's understanding of the facts and application of the law, (2) the language he uses—such as describing a hearing Vasco relies on as a "somewhat confusing discussion," Obj. [40] at 13, and (3) Judge Ball's alleged anger toward Vasco for not inviting the judge to speak at a prison event.

Respondent notes that Rule 72(b) requires proper objections to relate "to the proposed findings and recommendations" of the judge. This objection does not do so and can be denied on that basis. Moreover, "[a]dverse judicial rulings alone do not support an allegation of bias for purposes of § 455. . . ." *Diaz v. Superior Energy Servs. LLC*, 341 F. App'x 26, 27 (5th Cir. 2009) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Nor will "critical or disapproving remarks" generally support a bias challenge. *Id.* And, as for the speaking invitation, the allegations would not cause Judge Ball's impartiality to be reasonably questioned. Regardless, the Court has conducted de novo review and reached the same ultimate conclusions as Judge Ball. This objection is overruled.

D.     The *Setser* Problem

Vasco says Judge Ball erred by determining that the federal sentence properly ran consecutive to, rather than concurrent with, the state sentence. This issue starts with 18 U.S.C. § 3584(a), which provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Relying on §

---

raises (Pope was on supervised release and Vasco is not) is immaterial, and, as noted, the result is the same under Fifth Circuit precedent. *See Causey*, 621 F.2d at 693.

3584(a), Judge Ball concluded that, because the district court did not order Vasco's sentences to run concurrently, the BOP was correct to apply the sentences consecutively. R&R [16] at 3.

Vasco disagrees, arguing that

> the Supreme Court in *Setser v. US*, . . . held . . . § 3584 does not apply to a situation like Vasco's in which the state sentence **WAS NOT IMPOSED** at the same time as the federal sentence, and at the time of the imposition of the federal sentence the defendant Vasco was not already subject to that state sentence.

Obj. [40] at 15 (citing *Setser v. United States*, 566 U.S. 231 (2012)). The *Setser* holding did not address the same part of § 3584(a) that is now in dispute. So, to better address Vasco's *Setser* argument, the Court starts with § 3584(a)'s full relevant text:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

In *Setser*, the Court noted that this subsection describes "when concurrent and consecutive sentences may be imposed, and specifies which of those dispositions will be assumed in absence of indication by the sentencing judge." *Setser*, 566 U.S. at 234. The Court then stated that the section "addresses only 'multiple terms of imprisonment . . . imposed . . . at the same time' and 'a term of imprisonment . . . imposed on a defendant who is already subject to an undischarged term of imprisonment.'" *Id.* at 234–35 (quoting 18 U.S.C. § 3584(a)).

Vasco relies on that quote, but context matters. In *Setser*, the state sentence was anticipated but not yet imposed, so the defendant (Setser) objected when the federal trial court imposed consecutive sentences. *Id.* at 233. Much like Vasco, Setser argued that § 3584(a) applies "*only*" when multiple sentences are imposed or when the defendant is "already subject to

6

an undischarged term of imprisonment." *Id.* at 237 (emphasis in original); *see also* Obj. [40] at 16 (arguing that § 3584(a) applies "**ONLY**" under those circumstances).

The Supreme Court rejected that construction, holding that § 3584(a) does "not contain[ ] an implied 'only.'" *Setser*, 566 U.S. at 239. While § 3584(a) may address the "most common situations," *id.*, the section does not "eliminat[e] sentencing discretion in other situations," *id.* at 240. Accordingly, the district court was permitted to impose a consecutive sentence even though the defendant had not yet been sentenced in state court. *Id.* at 244–45.

That holding is limited to § 3584(a)'s first sentence, addressing when a sentence can be concurrent or consecutive. Any reference to the presumption found in § 3584(a)'s final sentence would be dicta. Moreover, the Fifth Circuit has long held "that federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently." *Hunter v. Tamez*, 622 F.3d 427, 431 (5th Cir. 2010) (holding that presumption applied though federal sentence was decided first) (quoting *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003)).

That construction remains true after *Setser*. *See Potoski v. Fox*, 583 F. App'x 396, 397 (5th Cir. 2014) ("The federal district court had the discretion to order Potoski's federal sentence to run consecutively to his then-anticipated state sentence, and the BOP correctly presumed from the district court's not specifying a concurrent sentence that it intended to impose a consecutive sentence.") (citing 18 U.S.C. § 3584(a); *Setser*, 132 S. Ct. at 1466–73); *United States v. Eiland*, 711 F. App'x 730, 731 (5th Cir. 2017) (holding that presumption for consecutive sentences applied to anticipated state sentence); *United States v. Jack*, 566 F. App'x 331, 331–32 (5th Cir. 2014) ("The district court had the discretion, when sentencing Jack, to order Jack's federal sentence to run consecutively to his then-anticipated state sentence; we presume from the district

7

court's failure to specifically order a concurrent sentence that it intended to impose a consecutive sentence.") (citing 18 U.S.C. § 3584(a); *Setser*, 132 S. Ct. 1466–73).

Finally, *Setser* noted that—while it is for the district court judge alone to determine sentencing—the BOP "ultimately has to determine how long the District Court's sentence authorizes it to continue [an incarcerated person's] confinement." *Setser*, 566 U.S. at 244. Here, the federal sentencing court did not clearly state whether the sentence would run consecutively or concurrently. Accordingly, the BOP contacted the federal sentencing court to request clarification, and the court deferred the decision to the BOP. BOP Admin. Remedy Resp. [8-9] at 1. As a result, the sentencing court never decided the issue, so the sentences are presumed to run consecutively. This objection is overruled.

E.  Sentencing Court Intended Terms to Run Concurrently

Vasco says Judge Ball erred in interpreting the sentencing court's intent. Obj. [40] at 19. He also contends that Judge Ball incorrectly relied on 18 U.S.C. § 3621(b)—addressing the BOP's authority to designate facilities—when *Setser* said sentencing is exclusively within the authority of the sentencing court. *Id.*

Both arguments spring from Vasco's belief that the BOP thwarted the sentencing court's intent to impose a concurrent sentence, but the trial transcript Vasco cites fails to support that belief. Simply put, the sentencing court's intent remained unclear. Trial Tr. [1-1] at 7. And presumably for that reason, the BOP gave the court an opportunity to specify whether the sentence should be consecutive or concurrent; the court declined and instead deferred to the BOP. As a result, the trial court never "specifically order[ed] a concurrent sentence," so it was

presumptively consecutive. *Hunter*, 622 F.3d at 431; *see also* 18 U.S.C. § 3584(a). The Court agrees with Judge Ball's interpretation of the facts, and this objection is overruled.[2]

IV.   Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. As stated, the Report and Recommendation [16] is adopted as the Court's opinion; Petitioner's Motion for Extension of Time to File a Reply [42] is denied. All other motions are denied as moot. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 11th day of October, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] As Vasco notes, *Setser* states that § 3621(b) confers no sentencing authority to the BOP. 556 U.S. at 239. *Setser* did not, however, address circumstances where the district court defers to the BOP when asked. Other circuits have held—post-*Setser*—that the BOP does not abuse its discretion when examining § 3621(b) factors after a sentencing judge defers the concurrent/consecutive decision to the BOP. *Pickett v. Warden McKean FCI*, 726 F. App'x 104, 107 (3d Cir. 2018) (finding no abuse of discretion when sentencing court deferred to BOP and BOP denied nunc pro tunc designation under § 3621(b) factors); *Dotson v. Kizziah*, 966 F.3d 443, 446 (6th Cir. 2020) (holding "BOP properly consulted the federal sentencing judge and considered the other pertinent factors including the seriousness of the offenses and Dotson's criminal history"). Whether § 3584(a)'s presumption applies, or the BOP was entitled to consider Vasco's request under § 3621(b), the result is the same.